UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM BARMETTLER, | ) |
|---|---|
| Petitioner, | ) |
| vs. | ) Case No: 4:13CV2567HEA |
| IAN WALLACE, | ) |
| Respondent. | ) |

## **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. #1] on December 23, 2013. On March 20, 2014 Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. #9]. On June 2, 2014 Petitioner filed his Reply to Response to the Court's Order to Show Cause Why Relief Should Not be Granted. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted, as will be discussed in further detail. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

### **Procedural Background**

On November 9, 2009, Petitioner was convicted by jury of Count I, Statutory Sodomy and Count II, Child Molestation. The Circuit Court in Saint Francois County, on January 8, 2010, sentenced Petitioner to 30 years on count I to be served and run consecutively to 15 years on Count II for a total sentence of 45 years imprisonment in the Missouri Department of Corrections. The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his pro sé motion for post-conviction relief, pursuant to Rule 29.15, relative to the case on December 16, 2011. Thereafter, on December 19, 2011, the Central Appellate Division for the State Public Defender was appointed to represent Petitioner on his Rule 29.15 motion. On March 19, 2012 appointed counsel filed an Amended Motion To Vacate, Set Aside, or Correct the Judgment or Sentence and Request for Evidentiary Hearing. On May 4, 2012 the Missouri state trial court, Hon. Sandy Martinez entered findings of fact and conclusions of law denying the post-conviction relief motion of Petitioner. Petitioner, on July 10, 2012, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals affirmed the trial court ruling on the Rule 29.15 motion and issued its mandate on September 26, 2011.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent on December 23, 2013. Petitioner alleges the trial court erred in denying his motion for a mistrial when a witness testified, allegedly violating a motion in limine, that the victim had post-traumatic stress disorder.  Secondly he alleges trial counsel was ineffective for failing to object to jury instructions regarding juror unanimity.  In Ground 3 Petitioner alleges post-conviction counsel was ineffective for failing to raise the ineffectiveness of appellate counsel in his post-conviction motion.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Procedural Default**

In order to preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or during post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 144, 149 (8th Cir. 1996). Federal habeas review of a claim is barred where a prisoner has defaulted his federal claims in a state court under an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Failing to raise claims on appeal

is such a state procedural rule. *Coleman*, 501 U.S. at 750. State procedural rules are adequate and independent state grounds when they are firmly established and regularly followed. *Oxford v. Delo*, 59 F.3d 741, 746 (8th Cir. 1995) (internal citations omitted).

## Discussion

Petitioner presents three claims for relief in his petition.

**Did the Trial Court Err In Denying the Motion For Mistrial When a Witness Testified Regarding the Victim Having Post-traumatic Stress Disorder?**

This claim was raised before the Missouri Court of Appeals.

The Missouri Court of Appeals held:

> A mistrial is a drastic remedy to be exercised only in those extraordinary circumstances in which the prejudice to the defendant cannot otherwise be removed. *State v. Ward*, 242 S.W.3d 698, 704 (Mo. banc 2008). This decision is left to the discretion of the trial court, as it is in the best position to determine whether the incident had a prejudicial effect on the jury. *Id.* Appellate review of a trial court's refusal to grant a mistrial is for an abuse of discretion. *Id.* A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before it and when the ruling is so arbitrary and unreasonable as to shock the appellate court's sense of justice and indicate a lack of careful consideration. *Id.*
> Defendant filed a Motion in Limine which included a request that the following not be mentioned during voir dire, opening statements, comments to the jury, questioning of witnesses, or closing argument:
> > 6. Any testimony or evidence by [Blackwell] or any other witness regarding post traumatic stress disorder, or any other psychological illness of victim, as caused by Defendant, as [Blackwell] is not

qualified to give such an opinion and said evidence is irrelevant to whether Defendant is guilty of the offenses charged. *State v. Montgomery*, 64 S.W.3d 328, 334 (Mo. App. E.D. 2001).

At the hearing on the Motion in Limine, the trial court ruled that Blackwell was an expert witness and could testify that Victim had symptoms consistent with post traumatic stress disorder, but could not testify that Victim in fact was diagnosed with that disorder or that the disorder was caused by Defendant.

At trial, Blackwell testified that she is a licensed clinical social worker and had served as a psychotherapist for twelve years. She testified she worked with Victim from July, 2005, until November, 2005. Blackwell testified that Victim's mother told her that Victim had been disobedient and defiant, had not been eating or sleeping, and she observed that Victim's facial expression was "always flat." Blackwell further testified that Victim was suffering from "something" that had caused her to become withdrawn. Blackwell testified that Victim told her she was afraid that the Defendant would hurt her, her mother, and her brother. The prosecutor then continued his examination of Blackwell during which the following colloquy took place:

> Q. [Prosecutor] Okay. Now do you have an opinion to a reasonable degree of certainty in your field, according to your training and experience, and my question is only do you have an opinion–…
> A. [Blackwell] Yes, sir, I do.
> Q. You have an opinion. What did you do to prepare you to come to that conclusion?
> A. I talked with her mother on each occasion that I saw her. Never–the mother was never in the office with [Victim]. I talked with her mother about the behaviors that [Victim] was doing at home. When [Victim] would come into the office with me I would talk with [Victim] about what she had done. I would also talk with her about her feelings. Then when we did the play therapy I would attempt to, from her actions in play therapy, put together what the [Victim] was thinking and feeling.
> Q. And did you also refer to the DSM-IV Manual, including the–what's rendered on this poster, but it's

> in the book?
> A. Yes, sir.
> Q. Okay. Now did you believe after having done the things that you described that you had enough information to come to a conclusion as to whether [Victim] suffered from symptoms consistent with post traumatic stress disorder?
> A. Yes, sir.
> Q. And what is that opinion?
> A. My opinion is that [Victim] does suffer from post traumatic stress disorder.

Defense counsel objected and requested a mistrial. The trial court sustained the objection and instructed the jury to disregard this answer by Blackwell. Blackwell then testified that it was her opinion that Victim suffered from "symptoms consistent with post traumatic stress disorder."

Defendant contends that the trial court erred in not declaring a mistrial when Blackwell testified that Victim had post traumatic stress disorder. As the record shows, however, the prosecutor did not elicit a response from Blackwell that Victim suffered from post traumatic stress disorder; instead, Blackwell volunteered that Victim suffered from the disorder. Following Blackwell's isolated statement, the jury was immediately instructed to disregard it. "Jurors are presumed to follow the court's instruction." *State v. Forrest*, 183 S.W.3d 218, 230 (Mo. banc 2006). Where a witness volunteers inadmissible information, the trial court is in the best position to determine the prejudicial effect and to determine what measures, if any, are necessary to cure that effect. *State v. Burch*, 939 S.W.2d 525, 528 (Mo. App. W.D. 1997). In the present case, the trial court determined that an instruction to the jury to disregard Blackwell's statement was sufficient to cure any potential prejudice.

Contrary to Defendant's suggestions, Blackwell did not testify to the ultimate issue, as she did not say that Victim's symptoms were constituent with post traumatic stress disorder and resulted from Defendant's conduct. An expert can testify as to an ultimate issue as long as the expert does not express an opinion as to whether or not the defendant is guilty of the charged offense. Section 490.065.2; *See also State v. Candela*, 929 S.W.2d 852, 865 (Mo. App. E.D. 1996). Here, Blackwell's

> testimony was not a legal conclusion in that she did not testify that Defendant sodomized Victim. Moreover, Defendant did not suffer any prejudice from this isolated comment as the jury found him guilty based on the substantial evidence presented at trial, not on the distinction between whether Victim had post traumatic stress disorder or whether she had symptoms consistent with post traumatic stress disorder.
>
> The trial court did not abuse its discretion in refusing to grant a mistrial and instead instructing the jury to disregard the brief, volunteered statement from Blackwell. Point denied.

Resp. Ex. E.

In order to be successful in his challenge, Petitioner must demonstrate the Missouri Court of Appeals' ruling is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), delineated by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Petitioner has entirely failed to overcome the challenge. This determination by the Missouri Court of Appeals is reasonable and entitled to deference under §2254(d). In addition, a claim that a state court allowed the State to violate a motion in limine based in state law is not cognizable in a federal habeas petition. *See Shigemura v. Moore*, No. 4:07-CV-459 (CEJ), 2007 WL 2736306, at *4 (E.D.M.O. September 17, 2007) ("Issues concerning the interpretation and application of a state law are not cognizable in federal habeas review"); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (Habeas powers do not allow reversal of conviction based on a belief that a

trial judge incorrectly interpreted state evidence law in ruling certain evidence was admissible). The Ground is denied.

## 2. Was Trial Counsel Ineffective in Failing to Object to Jury Instructions Regarding Juror Unanimity?

The Petitioner raised this very issue on appeal from the denial of his Rule 29.15 motion. In considering this very issue the Missouri Court of Appeals denied the point. In doing so the Missouri appellate properly noted, interpreted , and applied *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Appeals Court thoroughly reviewed the verdict directing instructions for Counts I and II which were the subject of the point on appeal. The Missouri Court of Appeals reasoned that even though the trial counsel and appellate would have been wise to raise the issue in their respective roles there is yet another point of inquiry as to Petitioner's claim. That is, whether the facts alleged by Petitioner in his motion for post-conviction relief, if true, demonstrate that he was prejudiced by the deficient performance of trial and appellate counsel. Ultimately the Missouri appellate court concluded there was no basis to conclude that Barmettler was convicted with a non-unanimous jury verdict in either Count I or II. Because Petitioner was not prejudiced by trial counsel's failure to object, nor appellate counsel's decision not to raise the issue on direct appeal, the court concluded he was not entitled relief under Rule 29.15.

The Court of Appeals' decision is reasonable and entitled to deference under §2254(d). The court properly applied the *Strickland* standard. Petitioner has failed to allege or show in what way the Court of Appeals decision is "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) and (2), as defined by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

**3. Was Post-conviction Counsel Ineffective in Failing to Raise Ineffectiveness of Appellate Counsel?**

Although the invalidity of this Ground screeches vilely and repugnantly this Court will address it. There is no constitutional right to an attorney in post-conviction proceedings; therefore a petitioner cannot claim ineffective assistance of post-conviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley,* 481 U. S. 551.

**Conclusion**

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

**Certificate of Appealability**

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254

Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 16th day of March, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE