UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BARMETTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2567HEA |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Judgement, [Doc. #16]. For the reasons set forth below, the Motion is denied.

On March 16, 2017, the Court entered its Opinion, Memorandum and Order denying Petitioner's request for relief pursuant to 28 U.S.C §2254. Plaintiff now seeks to have the Court alter or amend its order and judgment under Rule 59(e) of the Federal Rules of Civil Procedure and/or Rule 60(b).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted)." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 128 S.Ct. 2605, 2617, n. 5 (2008).

1

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (internal quotations omitted). Moreover, "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998),(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

District courts "will ordinarily deny a motion for reconsideration unless the party demonstrates a showing of manifest error in the prior ruling or demonstrates new facts or legal authority that the party could not have previously produced with reasonable diligence to the court." *Elder–Keep v. Aksamit*, 460 F.3d 979, 988 (8th Cir.2006); *Monsanto Co. v. E.I. Dupont de Nemours & Co.*, 2011 WL 322672 at *4 (E.D.Mo. Jan.31, 2011); *Arnold v. ADT Sec. Services, Inc.*, 627 F.3d 716, 721 (8th Cir.2010). A motion to reconsider "cannot be used to raise arguments which could

have been raised prior to the issuance of judgment." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). District courts have "broad discretion" in determining whether to reconsider judgment. *Hagerman,* 839 F.2d at 413.

Rule 60(b) provides relief from a final judgment , order or proceeding under circumstances where there has been some mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence , with reasonable diligence, could not have been discovered in time to move for new trial; fraud, misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief.

In his Motion, Petitioner attempts to persuade the Court to grant relief from its findings which led to the conclusion that Petitioner failed to establish a basis for relief from judgment. Petitioner has presented nothing new, nor has he pointed the Court to any mistake so severe as to establish manifest error under Rule 59(e). Petitioner has not articulated any arguments or facts that would even facially compel relief pursuant to Rule 60(b). Instead he has partially reiterated the same arguments which were the basis of his original petition under 28 U.S.C §2254. The Court articulated its reasoning in finding that Petitioner failed to establish entitlement to

relief under that 28 U.S.C §2254 action. Nothing has changed, nor should the Opinion, Memorandum and Order in this matter be altered or amended.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) of the Fed.R.Civ.Proc. [Doc. #16] is **DENIED**.

Dated this 15th day of November, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE